UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 1:19-cv-01138 (TSE/IDD) ) |
| SP HEATING AND COOLING, INC., | ) ) |
| Defendant. | ) ) ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Sheet Metal Workers' Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC"), (collectively, "Plaintiffs" or "Funds"), Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) ("Motion") against SP Heating and Cooling, Inc. ("Defendant"). Dkt. No. 8. After a licensed attorney for Defendant failed to appear at the hearing on November 8, 2019, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

1

## I. INTRODUCTION

On September 3, 2019, Plaintiffs filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and under Section 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (collectively, "Acts"). *See* Compl. ¶ 1. These Acts allow parties to enforce provisions of collective bargaining agreements. In their Complaint, Plaintiffs seek delinquent contributions, interest, liquidated damages, and attorney's fees and costs, pursuant to ERISA and the LMRA. *Id*.

### A. Jurisdiction and Venue

For a court to render default judgment against a party, it must have subject matter and personal jurisdiction over the party and be the appropriate venue for the action. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under ERISA and the LMRA, which are federal laws. Furthermore, "[a suit] for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

For a court to exercise personal jurisdiction over a defendant in an ERISA action, the defendant must be served with process and have "sufficient aggregate contacts with the United States as a whole," pursuant to the Fifth Amendment. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1044 (E.D. Va. 1997) (holding that because ERISA provides for nationwide service of process, the Fifth Amendment "national contacts" theory, rather than Virginia's long-arm statute, applies). As discussed below, Defendant was

properly served with process. Because Defendant is incorporated under Illinois law and has its principal place of business in Illinois, (Compl. ¶ 10), Defendant has sufficient contacts with the United States for this Court to exercise personal jurisdiction over it. *See McD Metals,* 964 F. Supp. at 1045. Therefore, this Court has personal jurisdiction over Defendant.

Finally, as to venue, an ERISA action may be brought in the "district where the plan is administered." 29 U.S.C. § 1132(e)(2). In this case, the Funds are administered in Fairfax, Virginia, which is within the Eastern District of Virginia. *See* Compl. ¶ 3. As discussed above, this Court has jurisdiction over the parties. Therefore, venue is appropriate in this Court.

### B. Service of Process

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve a defendant properly under federal or state law, a court lacks personal jurisdiction and may not enter default judgment against the defendant. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987) (stating "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946))), *superseded by statute on other grounds*, FED. R. CIV. P. 4(k); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249, 251 (4th Cir. 1974) (reversing the district court's decision to enter default judgment against a non-resident defendant because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the defendant with summons and complaint).

Although §§ 1132(e) and 185(d) state where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner

prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h).

On September 18, 2019, a private process server served Debbie Hudgins, Defendant's authorized agent, with a true and correct copy of the Summons and Complaint. Dkt. No. 4. Therefore, Plaintiffs properly served Defendant pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d) and Rule 4(h).

### C. Grounds for Default

Plaintiffs filed their Complaint on September 3, 2019. Dkt. No. 1. Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On October 15, 2019, Plaintiffs filed a Request for Entry of Default with the Clerk. Dkt. No. 6. That same day, the Clerk entered default against the Defendant. Dkt. No. 7. On October 17, 2019, Plaintiffs filed a Motion for Default Judgment, and the Court conducted a hearing on the matter on November 8, 2019. Dkt. Nos. 9, 12. After Defendant failed to appear at the November 8, 2019 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the

complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III.   FACTUAL FINDINGS AND ANALYSIS

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint; the Motion for Default Judgment and memorandum in support thereof; the Affidavits of Kenneth Anderson, Jr., an Audit and Delinquency Manager with NPF; the Declaration of Diana

5

M. Bardes, Plaintiffs' counsel; and the documents submitted in proof of damages. [1]

Plaintiffs— NPF, ITI, SMOHIT, and NEMIC— are the trustees of multi-employer employee benefit plans administered from offices located in Fairfax, Virginia. [2] Compl. ¶¶ 5–8. Defendant is an Illinois corporation. *Id.* ¶ 10. Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. § 1002(5). *See id.*

Defendant is a signatory to the Collective Bargaining Agreement ("CBA") with Local Union No. 219 ("Local 219"), and obligated to submit monthly remittance reports and fringe benefit contributions to Plaintiffs. Compl. ¶¶ 11-12. During the months of April 2018 through October 2018, Defendant employed certain employees within Local 219 who were covered under the CBA. *Id.* ¶ 24. Pursuant to the CBA, Defendant was required to pay Plaintiffs for all hours worked or paid on behalf of Defendant's covered employees. *Id.* ¶ 12. Defendant has failed to make all obligatory contributions to Plaintiffs for work performed at the Defendant's request for the months of March 2018 through October 2018. *Id.* ¶ 28. A portion of the amount Defendant owes is based on late contributions that were paid in March 2018, and June 2018 through August 2018; the other portion is based on unpaid exit contributions. *Id.* ¶¶ 24-25, 28-31, 38. Thus, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, Section 301 of LMRA, 29 U.S.C. § 185, and the CBA, Plaintiffs seek: interest on delinquent contributions at a rate of 0.0233 percent per day, liquidated damages equal to twenty percent (20%) of the delinquent contributions owed, exit contributions, and attorney's fees and costs. *Id.* ¶¶ 23(a-d), 25.

---

[1] Because Defendant failed to answer Plaintiffs' Complaint, Defendant admits Plaintiffs' factual allegations. "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." FED R. CIV. P. 8(b)(6); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").

[2] Such plans are defined by ERISA, 29 U.S.C. §§ 1002(3), (37).

### A. Count I – Delinquent Contributions, Liquidated Damages, Interest

Section 502 of ERISA, 29 U.S.C. § 1132, establishes that a civil action may be brought by a beneficiary to recover benefits due to it and enforce its rights under the terms of the plan. § 1132(a)(1)(B). Under the CBA and other Funds' documents, if an employer fails to submit contribution payments or exit contributions, the employer is required to pay: (1) the unpaid contributions; (2) interest on delinquent contributions at a rate of 0.0233% per day; (3) an amount equal to the greater of the interest on delinquent contributions or liquidated damages equal to twenty percent (20%) of the delinquent contributions; (4) attorney's fees and costs. Br. in Supp. of Pls.' Mot. for Default J. at 3, Dkt. No. 9. Likewise, Section 515 of ERISA, 29 U.S.C. § 1145, states that an employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement, shall make such contributions in accordance with the terms of such plan. 29 U.S.C. § 1145. If an employer fails to pay contributions to a labor organization, such as the Funds, Section 301 of the LMRA, 29 U.S.C. § 185(a), provides that the organization may bring suit in any district of the United States having jurisdiction of the parties. 29 U.S.C. § 185(a).

Based on Defendant's remittance reports, Defendant owes contributions for the months of April 2018 through October 2018 in the amount of $3,758.04. Compl. ¶ 29; Br. in Supp. of Pl.'s Mot. for Default J., Dkt. No. 9-1, Ex. 4. According to the CBA, interest on delinquent contributions is compounded at a rate of 0.0233% per day. Compl. ¶ 23(a). Through November 8, 2019, Defendant owes $410.98 in interest.[3] Br. in Supp. of Pl.'s Mot. for Default J., Dkt. No. 9-1, Ex. 4. Defendant also paid late contributions for March 2018 and June 2018 through August 2018, which

---

[3] The Complaint lists $341.67 as outstanding interest on delinquent contributions through August 28, 2019. Compl. ¶ 29. The Brief in Support of Plaintiff's Motion for Default Judgment, filed on October 17, 2019, lists $410.98 as outstanding interest owed through November 8, 2019. Br. in Supp. of Pl.'s Mot. for Default J., Dkt. No. 9-1, Ex. 4.

7

incurred $12.05 in interest. Compl. ¶ 30.

Defendant also is liable for liquidated damages. Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the CBA, the Trust Documents, and Section 301 of LMRA, 29 U.S.C. § 185, require liquidated damages equal to the greater of interest on the delinquent contributions at a rate of 0.0233% per day compounded daily or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation. Compl. ¶¶ 23(b-c). Thus, Defendant owes $751.60 in liquidated damages. Compl. ¶ 29; Br. in Supp. of Pl.'s Mot. for Default J., Dkt. No. 9-1, Ex. 4.

| *Plaintiffs* | *Delinquent Contributions* | *Liquidated Damages* | *Interest (through November 8, 2019)* | *Interest on Late Payments* | *Total* |
|---|---|---|---|---|---|
| Funds | $3,758.04 | $751.60 | $410.98 | $12.05 | $4,932.67 |

### B. Count II – Claim by NPF for Exit Contribution

Defendant failed to make contributions to the NPF on behalf of members in Local 219 for the months of March 2018 through October 2018, as required under the CBA, the Trust Agreement, and Section 515 of ERISA, 29 U.S.C. § 1145. Compl. ¶¶ 34, 38-39. As of November 2018, Defendant no longer had an obligation to contribute to NPF, therefore NPF assessed an exit contribution against Defendant in the amount of $7,356.96. Compl. ¶ 38; Decl. of Kenneth Anderson Jr., Dkt. No. 9-1, Ex. 5.

Under Article V, Section 6(g) of the Trust Agreement, failure to make an exit contribution is treated the same as a delinquent contribution. Compl. ¶ 40. Defendant is required to pay delinquent contributions at a rate of 0.0233% per day, and liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation. Compl. ¶¶ 23(a), (c). Through November 8, 2019, Defendant owes $354.31 in interest on unpaid exit

8

contributions.[4] Br. in Supp. of Pl.'s Mot. for Default J. at 11-12. Additionally, Defendant owes liquidated damages in the amount of $1,471.39. Compl. ¶ 40.

| *Plaintiff* | *Exit Contributions* | *Liquidated Damages* | *Interest (through November 8, 2019)* | *Total* |
|---|---|---|---|---|
| Funds | $7,356.96 | $1,471.39 | $354.31 | $9,182.66 |

### C. Attorney's Fees and Costs

Finally, Plaintiffs seek $2,433.00 in attorney's fees and $527.84 in costs. Dkt. No. 9-2, at 1-2. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D). In support of its request, Plaintiffs submitted the Declaration of Diana M. Bardes and a report of attorney's fees and costs through October 17, 2019. Decl. of Diana M. Bardes, Dkt. No. 9-2. Having reviewed the declaration and time sheet, the undersigned Magistrate Judge finds that the following costs and attorney's fees are reasonable, for a total of $2,960.84.

| *Attorney's Fees* | *Costs* |
|---|---|
| $2,433.00 | $527.84 |

### IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of Sheet Metal Workers' National Pension Fund, the International Training Institute for the Sheet metal and Air Conditioning Industry, the Sheet Metal Workers' Occupational Health Institute Trust , and the National Energy Management Institute Committee against SP Heating and Cooling, Inc.

---

[4] The Complaint lists $226.22 as outstanding interest on the unpaid exit contribution through August 28, 2019. Compl. ¶ 40. The Brief in Support of Plaintiff's Motion for Default Judgment, filed on October 17, 2019, lists $354.31 owed through November 8, 2019. Decl. of Kenneth Anderson, Jr., Dkt. No. 9-1 at 6.

Plaintiffs. In sum, Plaintiffs are entitled to damages in the total amount of $14,115.33 (including interest through November 8, 2019) and attorney's fees and costs in the amount of $2,960.84, for a grand total of $17,076.17.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following addresses:

    SP Heating and Cooling, Inc.
    c/o Steve Pritchard
    1011 Fleur Road
    Dixon, IL 61021

    /s/ Ivan D. Davis
    Ivan D. Davis
    United States Magistrate Judge

April 23, 2020
Alexandria, Virginia